In a proceeding instituted pursuant to article 78 of the Civil Practice Act, order confirming report of Official Referee and restoring, on condition, telephone service to respondent, reversed on the law and the facts, with $50 costs and disbursements, and the petition dismissed, without costs. The following findings are made: The telephone facilities furnished to respondent were being used to disseminate racing information to book-makers. The messages recorded by the police officers show that to be the nature and purpose of the service and that those availing themselves of it were book-makers. This proof is supported, among other evidence, by the number and timing of calls from those whose telephones since have been disconnected; the sums of money paid by subscribers for the service; the unusual equipment being used and that applied for. This service to book-makers, by means of which the entire rent and telephone bill of the suite occupied by respondent was paid, is the dominant one for which the telephone facilities of respondent were used, as distinguished from the dwindling and profitless venture of supplying information with respect to motion pictures to prospective patrons of theatres. The respondent, through its officers, was well aware of the service afforded to book-makers by means of the equipment furnished to it by appellant, even though it be assumed that such service was conducted through the medium of a separate and independent corporation, Rite Way News, Inc. The president, Polinger, and treasurer. T--rael, *1058 of respondent, were instrumental in creating Rite Way News, Inc., and its predecessor and are among its stockholders and officers or former officers. Polinger received $12,500 a year from Rite Way News, Inc. He has made repeated efforts, on the letterheads of respondent, in addition to other methods, to obtain from appellant added telephone facilities suitable for the purpose of broadcasting racing information to book-makers. He has made use of such equipment in conjunction with that furnished to respondent by appellant, for the purpose of facilitating the service to book-makers. We conclude that respondent has not shown a clear legal right to the relief it seeks. Findings inconsistent with the foregoing are reversed. Carswell, Acting P. J., Johnston, Adel and Wenzel, JJ., concur; MaeCrate, J., not voting.